UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AZEB ALEMAYEHU, | CASE NO. 2:24-cv-01955-JNW |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| SEATTLE POLICE DEPARTMENT, | |
| Defendant. | |

Pro se Plaintiff Azeb Alemayehu pursues this action against Defendant Seattle Police Department (SPD) in forma pauperis (IFP). Dkt. No. 5. After reviewing the operative complaint, Dkt. No. 6, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Alemayehu fails to state a claim on which relief may be granted. Rather than dismissing their case outright, however, the Court grants Alemayehu leave to amend their complaint within 30 days of this Order to avoid dismissal.

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing

ORDER TO SHOW CAUSE - 1

complaints under § 1915(e)(2)(B), courts necessarily consider *only* the operative complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect).

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by § 1915(e) are unwavering, and when an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed. Likewise, the Federal Rules require a complaint to offer: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8.

Alemayehu asserts that police broke into their house and arrested them without a warrant. Dkt. No. 6 at 7. The complaint provides no further factual details. Instead of alleging facts, Alemayehu cites complaints that they filed in other litigation and asks the Court to speak with U.S. District Judge Richard Jones

ORDER TO SHOW CAUSE - 2

for more information. But as stated above, the Court only considers the information stated in the operative complaint to decide whether it states a claim for relief. The Court finds that the operative complaint, Dkt. No. 6, fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court ORDERS:

- To avoid dismissal of this action, Alemayehu may file an amended complaint that states a claim on which relief may be granted by January 13, 2025. Failure to do so by the deadline will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B), without prejudice.

- If filed, the amended complaint will serve as a complete substitute for the current complaint. Thus, any amended complaint must not incorporate the original complaint by reference, nor may it incorporate by reference any complaints from other litigation. Any amended complaint must clearly identify the claims and the facts that support each claim.

Dated this 13th day of December, 2024.

Jamal N. Whitehead
United States District Judge